CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
February 10, 2026
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENDALL D. WYSINGER, ) | |
|     Plaintiff, ) | Case No. 7:24-cv-00350 |
| ) | |
| v. ) | |
| ) | By: Hon. Michael F. Urbanski |
| MR. S. BRYSON, et al., ) | Senior United States District Judge |
|     Defendants. ) | |

## MEMORANDUM OPINION

Kendall D. Wysinger, a federal inmate proceeding pro se, was previously incarcerated for several weeks at USP Lee in Lee County, Virginia. He filed this civil action against S. Bryson and an unknown warden at USP Lee, alleging that Bryson mishandled or lost his gold dental crowns. The defendants liberally construed the amended complaint as attempting to assert (1) a federal constitutional claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); (2) a tort claim under the Federal Tort Claims Act (FTCA); and (3) and an administrative claim for lost property under 31 U.S.C. § 3723. The case is presently before the court on the defendants' motion to dismiss or for summary judgment. ECF No. 25. The motion has been fully briefed and is ripe for review. See ECF Nos. 26, 28, and 29. For the reasons set forth below, the defendants' motion is **GRANTED**.

### I.  Background

Wysinger is currently serving a life sentence in the custody of the Federal Bureau of Prisons (BOP). He was temporarily housed at USP Lee from November 3, 2020, through December 15, 2020. Defs.' Ex. 1, Shaw Decl. Attach. A, ECF No. 26-2; see also Am. Compl., ECF No. 1, at 2 (alleging that Waldron arrived at USP for "holdover" in November 2020).

Wysinger alleges that he arrived at USP Lee with a manila envelope containing three gold crowns that had previously dislodged from his front teeth. Am. Compl. at 4. When correctional officers took the envelope from him, he let them know what it contained so that it could be given to the dental department. Id. After Wysinger submitted requests to the dental department about having the crowns reattached, defendant Bryson informed him that he could not be seen at that time due to COVID-19 protocols. Id. Bryson also advised Wysinger that the gold crowns could not be left with Wysinger's personal property because of their monetary value. Id. Rather than having the gold crowns sent to Wysinger's home address, as Bryson offered to do, Wysinger asked Bryson to send the crowns to his next BOP facility once he arrived there. Id.

After Wysinger was transferred to USP McCreary, he wrote to the dental department about the crowns that had been left at USP Lee. Id. A staff member informed him that the crowns had not arrived at USP McCreary and that the facility could not get in touch with Bryson. Id. Wysinger was instructed to "write a grievance and tort claim." Id. He alleges that he followed these instructions and that his claim was denied. Id.

Wysinger asserts that Bryson was the last person to have his gold crowns and that Bryson lost them or might still have them. Id. at 2. He seeks to have the crowns returned or replaced. Id. at 3. Alternatively, he seeks to be compensated for the value of the crowns, which he alleges is $3,500. Id. He also seeks to recover damages for "mental anguish, embarrassment, humiliation, and mortification." Id.

Prior to filing this action, Wysinger submitted an administrative claim for lost or damaged personal property under 31 U.S.C. § 3723. Shaw Decl. Attach. B, ECF No. 26-3. The

2

BOP denied the claim on June 16, 2022. Shaw Decl. Attach. D, ECF No. 26-5. By letter dated April 10, 2023, the BOP denied a request for reconsideration. Shaw Decl. Attach. E, ECF No. 26-6. The letter noted that the decision constituted a "final denial" of Wysinger's administrative claim and that "there is no judicial review for claims decided pursuant to 31 U.S.C. § 3723." Id.

## II. Standards of Review

In response to Wysinger's amended complaint, the defendants filed a motion to dismiss or for summary judgment under Rules 12(b)(1), 12(b)(6), and 56 of the Federal Rules of Civil Procedure. Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction. "The plaintiff has the burden of proving that subject matter jurisdiction exists." Evans v. B. F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). A motion to dismiss under Rule 12(b)(1) should be granted "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Balfour Beatty Infrastructure, Inc. v. Mayor of Baltimore, 855 F.3d 247, 251 (4th Cir. 2017) (internal quotation marks omitted).

Under Rule 12(b)(6), a defendant may seek dismissal for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

3

Under Rule 56, the court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When ruling on a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). To survive summary judgment, there must be sufficient evidence from which a reasonable finder of fact could return a verdict in the nonmoving party's favor. Id. at 252.

### III.    Discussion

#### A.    Federal Constitutional Claims

In his amended complaint, Wysinger asserts a constitutional claim for "deprivation of [his] property." Am. Compl. at 4. Similarly, in his response to the defendants' motion, Wysinger indicates that he filed this civil action "for deprivation of [his] property . . . in violation of [his] due process rights." Pl.'s Resp., ECF No. 28, at 2. His amended complaint cites to the Eighth and Fourteenth Amendments to the United States Constitution, and his response to the defendants' motion references the Fourth and Eighth Amendments.

Wysinger's federal constitutional claims are subject to dismissal for more than one reason. First, the amended complaint fails to state a plausible constitutional violation. To the extent Wysinger relies on the Fourth Amendment, it is well settled that the Amendment's protection against unreasonable seizures of property does not apply within the confines of a prison. See Hudson v. Palmer, 468 U.S. 517, 528 n.8 (1984); see also Patterson v. Schriro, 167 F. App'x 666, 666 (9th Cir. 2006) ("The district court properly dismissed Patterson's Fourth Amendment claim because the Fourth Amendment does not protect an inmate from seizure

4

and destruction of personal property.") (citing Hudson, supra). Likewise, Wysinger's allegations regarding the mishandling of his gold crowns do not state an Eighth Amendment violation. See Wilson v. Seiter, 501 U.S. 294, 298 (1991) (emphasizing that "only those deprivations denying 'the minimal civilized measure of life's necessities' . . . are sufficiently grave to form the basis of an Eighth Amendment violation") (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)); see also Thomas v. N. M. Corr. Dep't, 272 F. App'x 727, 730 (10th Cir. 2008) (holding that an inmate's allegations were "not sufficiently grave to rise to the level of an Eighth Amendment Amendment violation" where the inmate alleged that prison officials destroyed his personal property rather than permitting him to mail the property home); Meek-Freeman v. Moore, No. 24-444, 2025 WL 2781640, at *11 (D. Md. Sept. 30, 2025) (concluding that an inmate failed to sufficiently allege that the seizure of his property, including glasses, deprived him of the "minimal civilized measure of life's necessities" in violation of the Eighth Amendment) (quoting Rhodes, 452 U.S. at 347).

Insofar as Wysinger claims that he was deprived of his property without due process, the Fifth Amendment, rather than the Fourteenth Amendment, would be the basis for a due process claim against federal officials. See Williamson v. Stirling, 912 F.3d 154, 173 n.15 (4th Cir. 2018) (noting that "the Fifth Amendment's Due Process Clause . . . prohibits the federal government from depriving any person of 'life, liberty, or property, without due process of law.'") (quoting U.S. Const. amend. V). However, "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to . . . property." Daniels v. Williams, 474 U.S. 327, 328 (1986) (emphasis in original). And the Supreme Court has held that the "unauthorized intentional deprivation of property" by a government

5

employee does not constitute a due process violation if an adequate post-deprivation remedy for the loss is available. Hudson, 468 U.S. at 533.[1] Courts have recognized that "[t]he BOP's Administrative Remedy Program . . . qualifies as such an adequate system." Bowens v. United States DOJ, 415 F. App'x 340, 344 (3d Cir. 2011); see also Timms v. Samons, No. 5:17-cv-3195, 2018 U.S. Dist. LEXIS 228288, at *7 (E.D.N.C. May 3, 2018) ("Although the United States Court of Appeals for the Fourth Circuit has not specifically addressed this issue, numerous courts have found that BOP's administrative remedy procedure provides sufficient post-deprivation remedies for federal prisoners such that a Bivens Fifth Amendment due process claim is not available to them for wrongful detention or loss of personal property.") (collecting cases). Because Wysinger does not allege "that there was an inadequate post-deprivation remedy available to him," he fails to state a Fifth Amendment claim for deprivation of personal property without due process. Islaam v. Kubicki, 838 F. App'x 657, 660 (3d Cir. 2020).

Finally, Wysinger has no viable claim for damages under Bivens. In its 1971 decision in Bivens, the Supreme Court "recognized an implied cause of action for damages against federal officers for certain alleged violations of the Fourth Amendment." Goldey v. Fields, 606 U.S. 942, 942 (2025) (per curiam). "Private causes of action for damages against federal officials for constitutional violations have become known as Bivens actions." Dyer v. Smith, 56 F.4th 271, 277 (4th Cir. 2022). Although the Supreme Court "subsequently recognized two

---

[1] Although Daniels and Hudson involved the Due Process Clause of the Fourteenth Amendment, "the same due process principles apply to the federal government through the Fifth Amendment." Raditch v. United States, 929 F. 2d 478, 481 (9th Cir. 1990) (applying Hudson); see also Rodriguez-Mora v. Baker, 792 F.2d 1524, 1526–1527 (11th Cir. 1986).

additional contexts where implied Bivens causes of action were permitted," it has since "made clear that, in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts." Goldey, 606 U.S. at 942–43 (internal quotation marks omitted); see also Egbert v. Boule, 596 U.S. 482, 483 (2022) (emphasizing that "recognizing a Bivens cause of action is a disfavored judicial activity") (internal quotation marks omitted).

The Supreme Court has provided a two-part test for determining whether a Bivens claim may proceed. Goldey, 606 U.S. at 944. First, a court must consider whether the case before it "presents 'a new Bivens context'—that is, whether the case 'is different in a meaningful way' from the cases in which [the Supreme] Court has recognized a Bivens remedy." Id. (quoting Ziglar v. Abbasi, 582 U.S. 120, 139 (2017)). If so, the court must determine "whether there are 'special factors' indicating that 'the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed.'" Id. (quoting Egbert, 596 U.S. at 492). "That analysis is anchored in 'separation-of-powers principles.'" Id. (quoting Ziglar, 582 U.S. at 135).

The court agrees with the defendants that Wysinger's case presents a new context that is meaningfully different from the three previous cases in which the Supreme Court recognized an implied cause of action for damages: Bivens itself, Davis v. Passman, 442 U.S. 228 (1979), and Carlson v. Green, 446 U.S. 14 (1980). In Bivens, "the Supreme Court created an implied cause of action under the Fourth Amendment to recover damages suffered as the result of a warrantless search and seizure" by agents with the Federal Bureau of Narcotics. Orellana v. Godec, 145 F.4th 516, 522 (4th Cir. 2025). In Davis, the Supreme Court "extended Bivens to a congressional staffer fired because of her sex in violation of the Fifth Amendment." Id. And

7

in <u>Carlson</u>, the Supreme Court "extended <u>Bivens</u> to a third context, allowing a federal prisoner's estate to bring an Eighth Amendment claim for deficient [medical] care" that allegedly resulted in the prisoner's death. <u>Id.</u> None of those cases involved the mishandling or loss of an incarcerated inmate's personal property by federal prison officials. To the extent Wysinger claims that he was deprived of his personal property without due process, such claim has "distinguishing factors from the Supreme Court's three <u>Bivens</u> cases such that [it] arises in a 'new context.'" <u>Mays v. Smith</u>, 70 F.4th 198, 204–05 (4th Cir. 2023) (concluding that a federal inmate's claim for damages under the Fifth Amendment for alleged violations of his right to procedural due process presented a new <u>Bivens</u> context).

Additionally, for reasons set forth in <u>Goldey</u> and <u>Mays</u>, special factors counsel against extending a <u>Bivens</u> remedy in this case. "To begin with, Congress has actively legislated in the area of prisoner litigation but has not enacted a statutory cause of action for money damages." <u>Goldey</u>, 606 U.S. at 944. Approximately fifteen years after <u>Carlson</u> was decided, Congress enacted the Prison Litigation Reform Act (PLRA), which "made comprehensive changes to the way prisoner abuse claims must be brought in federal court." <u>Mays</u>, 70 F.4th at 206 (quoting <u>Ziglar</u>, 582 U.S. at 148). The PLRA "does not provide for a standalone damages remedy against federal jailers, a silence that speaks volumes and counsels strongly against judicial usurpation of the legislative function to create one." <u>Id.</u> (internal quotation marks and citations omitted). Additionally, "'an alternative remedial structure' already exists for aggrieved federal prisoners." <u>Goldey</u>, 606 U.S. at 944 (quoting <u>Ziglar</u>, 582 U.S. at 137). "Specifically, the BOP's Administrative Remedy Program allows all inmates to seek formal review of an issue related to 'any aspect' of their confinement." <u>Mays</u>, 70 F.4th at 205 (quoting 28 C.F.R.

8

§ 542.10(a)). "The existence of such alternative remedial procedures counsel against allowing Bivens suits even if such 'procedures are not as effective as an individual damages remedy.'" Goldey, 606 at 944–45 (quoting Egbert, 596 U.S. at 498).

The Supreme Court has made clear that if there is "any rational reason (even one) to think that Congress is better suited to 'weigh the costs and benefits of allowing a damages action to proceed,'" courts must decline to extend Bivens. Egbert, 596 U.S. at 496 (quoting Ziglar, 582 U.S. at 136). Such reasons exist in this case. Thus, even if Wysinger had alleged a plausible constitutional violation, he would have no claim for damages under Bivens.[2]

**B.    FTCA Claim**

To the extent the amended complaint could be construed as asserting a claim for damages under the FTCA, such claim is also subject to dismissal. The FTCA provides a "limited waiver of the government's sovereign immunity for injury or loss caused by the negligent or wrongful act or omission of government employees acting within the scope of their employment." Doe v. Meron, 929 F.3d 153, 161 (4th Cir. 2019); see also 28 U.S.C. § 1346(b)(1)). "The waiver is limited because Congress has provided several exception to his waiver under 28 U.S.C.§ 2680." Id. "Unless the United States may be held liable pursuant to the terms of the statute, the sovereign's immunity remains intact, and no subject matter jurisdiction exists." Bennett v. United States, 102 F.3d 486, 488 n.1 (11th Cir. 1996); see also Lins v. United States, 847 F. App'x 159, 170 (4th Cir. 2021) ("Whether a claim falls within the purview of the FTCA presents an issue of subject matter jurisdiction . . . .").

---

[2] Given this decision, the court finds it unnecessary to address the defendants' argument that Wysinger failed to exhaust his administrative remedies prior to pursuing a Bivens claim.

9

As an initial matter, the United States is not named as a defendant in the amended complaint. Instead, the pleading names only two defendants: Bryson and the warden at USP Lee. It is well established that the United States is "the only proper defendant in a case brought under the FTCA." CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008); see also Chang-Williams v. Dep't of the Navy, 766 F. Supp. 2d 604, 608 (D. Md. 2011) ("The [FTCA] provides for liability against only '[t]he United States,' 28 U.S.C. § 2674, and plaintiffs seeking relief under the Act may pursue it against that defendant alone.").

Even if Wysinger had named the United States as a defendant, certain categories of claims are exempted from the FTCA's waiver of sovereign immunity, including claims "arising in respect of . . . the detention of any goods, merchandise, or other property by any . . . law enforcement officer." 28 U.S.C. § 2680(c). In Ali v. Federal Bureau of Prisons, 552 U.S. 214 (2008), the Supreme Court held that BOP officials qualified as "law enforcement officer[s]" for purposes of § 2680(c) and, thus, that the provision precluded an inmate's suit alleging that the BOP lost his personal property during a prison transfer. Id. at 216–218, 227–28.[3] The same rationale applies to the misplacement or loss of Wysinger's gold crowns after he was temporarily housed at USP Lee. See, e.g., Gambino v. Hershberger, No. 17-1701, 2021 WL 288483, at *13 (D. Md. Jan. 28, 2021) (dismissing an inmate's FTCA claim arising from the loss of legal materials during the course of a BOP transfer and emphasizing that the Supreme Court has interpreted § 2680(c) "as precluding an inmate's FTCA claim against BOP officials

---

[3] In similar contexts, courts have recognized that BOP employees qualify as law enforcement officers "based on their authority to make arrests under 18 U.S.C. § 3050." McGowan v. United States, 825 F.3d 119, 127 n.5 (2d Cir. 2016) (citing Hernandez v. Lattimore, 612 F.2d 61, 64 n.7 (2d Cir. 1979)); see also Morrow v. Fed. Bureau of Prisons, 255 F. App'x 378, 380 (11th Cir. 2007) (citing Chapa v. DOJ, 339 F.3d 388, 390 (5th Cir. 2003)).

10

for a loss of personal property while in prison, including during a transfer to another facility") (citing Ali, 552 U.S. at 217–18, 228). Thus, the court concludes that any claim for damages against the United States arising from the loss of Wysinger's personal property must be dismissed without prejudice for lack of subject matter jurisdiction.[4] See Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995) ("If . . . the United States has not waived its immunity . . . , the case should be dismissed for want of jurisdiction under Rule 12(b)(1)."); see also Goldman v. Brink, 41 F.4th 366, 369 (4th Cir. 2022) (noting that a dismissal based on a "defect in subject matter jurisdiction . . . must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits") (internal quotation marks omitted).

## C. Administrative Claim for Lost Property

Wysinger filed an administrative claim for lost property under 31 U.S.C. § 3723, which was denied by the BOP. Section 3723 authorizes federal agencies to "settle a claim for not more than $1,000 for damage to, or loss of, privately owned property that . . . is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment." 31 U.S.C. § 3723(a). The statute, however, "does not provide a mechanism for judicial review" of an agency's decision. Moler v. Potter, No. 20-5579, 2020 WL 9886297, at *2 (6th Cir. Dec. 30, 2020); see also Hargrove v. Fed. Bureau of Prisons, No. 5:16-cv-00164, 2017 WL 6421359, at *2 (N.D.W. Va. Dec. 18, 2017) (upholding the magistrate judge's determination that § 3723 "makes the BOP's determination of claims final and conclusive,

---

[4] In light of the court's decision, the court finds it unnecessary to address whether an FTCA claim against the United States is barred for failure to exhaust administrative remedies.

11

with no provision for review by the federal courts") (citing <u>Merrifield v. United States</u>, 14 Cl. Ct. 180, 183–84 (1988)). Consequently, to the extent Wysinger challenges the denial of his administrative claim, the court does not have jurisdiction to review the BOP's decision. <u>See Pontefract v. United States</u>, No. 24-3629, 2025 WL 2100967, at *3 (6th Cir. July 1, 2025).

### IV.   Conclusion

For the reasons stated, the defendants' motion to dismiss or for summary judgment, ECF No. 25, is **GRANTED.** All other motions, including Wysinger's motion for appointment of counsel, ECF No. 32, are **DENIED** as moot.[5] An appropriate order will be entered.

Entered: February 10, 2026

Michael F. Urbanski
U.S. District Judge
2026.02.10
11:15:38 -05'00'

Michael F. Urbanski
Senior United States District Judge

---

[5] As explained in the order denying a prior motion for appointment of counsel, ECF No. 10, a litigant in a civil case does not have a constitutional right to counsel, and the court cannot require an attorney to represent a civil litigant. See <u>Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa</u>, 490 U.S. 296, 309 (1989). Although courts have been advised to appoint counsel "if it is apparent that a pro se litigant has a colorable claim but lacks the capacity to present it," <u>Riddick v. Barber</u>, 109 F.4th 639, 651 (4th Cir. 2024) (internal quotation marks and alterations omitted), no colorable claim has been presented in this case for the reasons set forth above. Thus, even if Wysinger's motion for appointment of counsel were not moot, it would be denied.